Matter of Barrett (2019 NY Slip Op 01406)





Matter of Barrett


2019 NY Slip Op 01406


Decided on February 27, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
RUTH C. BALKIN
JOHN M. LEVENTHAL
LEONARD B. AUSTIN, JJ.


2016-05620
2017-04923

[*1]In the Matter of Richard J. Barrett, admitted as Richard John Barrett, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Richard J. Barrett, respondent. (Attorney Registration No. 2951325)



DISCIPLINARY PROCEEDINGS instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 3, 1999, under the name Richard John Barrett. By decision and order on motion of this Court dated September 16, 2016, the respondent was immediately suspended from the practice of law upon a finding that he had engaged in professional misconduct immediately threatening the public interest based upon his failure to cooperate with the Grievance Committee and the uncontroverted evidence of his misappropriation of escrow funds, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on the acts of professional misconduct set forth in a verified petition dated June 2, 2016, and the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee, to hear and report (Appellate Division Docket No. 2016-05620). By decision and order on motion dated February 24, 2017, on the Court's own motion, the Honorable Jerome M. Becker was relieved as Special Referee, and the matter was referred to David I. Ferber, as Special Referee.



By decision and order on motion of this Court dated July 19, 2017, in a separate disciplinary proceeding, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(2)(i) and (iv), before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made, based on his conviction on March 21, 2017, of petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor, a serious crime as defined in Judiciary Law § 90(4)(d) (Appellate Division Docket No. 2017-04923).
Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated June 2, 2016, containing three charges of professional misconduct (Appellate Division Docket No. 2016-05620). Thereafter, upon notice to the Court by the petitioner of the respondent's [*2]conviction on March 21, 2017, of petit larceny in violation of Penal Law § 155.25, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made (Appellate Division Docket No. 2017-04923). Both matters were referred to David I. Ferber, as Special Referee, to hear and report. The charges set forth in the verified petition, along with the conviction, were heard at a hearing on October 19, 2017. After the hearing, the Special Referee issued a written report, dated April 25, 2018, addressed to both proceedings, sustaining all charges. The petitioner now moves to confirm the Special Referee's report, and to impose such discipline as the Court deems just and proper. In an affirmation in response, the respondent's counsel raises no opposition to the petitioner's motion, requests that the report of the Special Referee be confirmed, and requests that the discipline to be imposed be made effective nunc pro tunc to the date of the respondent's interim suspension.
Appellate Division Docket No. 2016-05620 
Charge one alleges that the respondent has engaged in a pattern and practice of failing to cooperate with the petitioner's investigations of complaints of professional misconduct filed against him, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In June 2015, the petitioner received two complaints of professional misconduct against the respondent, one filed by the respondent's client in a matrimonial action, Robert Beagen (hereinafter the Beagen complaint), and the other filed by Stephanie Burke, the attorney representing the other party in the matrimonial action, Mary Beagen (hereinafter the Burke complaint). By letters dated June 26, 2015, the petitioner sent copies of the Beagen and Burke complaints to the respondent at his office address, requesting that he submit written answers thereto within 10 days of his receipt thereof. Each letter advised the respondent that an unexcused failure to timely respond or otherwise cooperate constitutes professional misconduct, independent of the merits of the complaint, and would be treated accordingly by the petitioner. Neither letter was returned to the petitioner by the United States Postal Service (hereinafter the USPS). The respondent failed to submit the requested answers or contact the petitioner.
A second request for the respondent's answers to the Beagen and Burke complaints was made by letter dated July 15, 2015. On July 21, 2015, the respondent telephoned counsel to the petitioner, and received an extension until July 31, 2015, to submit his answers. Although the respondent received a further extension, until August 3, 2015, he failed to submit his answers to the Beagen and Burke complaints.
In July 2015, the petitioner received a complaint of professional misconduct against the respondent from Michael A. Tursi (hereinafter the Tursi complaint). By letter dated August 3, 2015, sent by first-class and certified mail, the petitioner sent a copy of the Tursi complaint to respondent at his office address, requesting that he submit a written answer within 10 days of his receipt thereof. That letter also advised the respondent that an unexcused failure to timely respond or otherwise cooperate constitutes professional misconduct, independent of the merits of the complaint, and would be treated accordingly by the petitioner. The copy of the letter sent by first-class mail was not returned to the petitioner, however, the copy of the letter sent by certified mail was returned by the USPS with the notation "Refused."
A third request for respondent's answers to the Beagen and Burke complaints was made by letter dated August 5, 2015, sent by first-class and certified mail, directing him to submit separate written answers by August 12, 2015. The respondent was advised that an unexcused failure to cooperate with the petitioner constituted professional misconduct and could result in an application for his immediate suspension, pursuant to Rules of the Appellate Division, Second Judicial Department (22 NYCRR) former § 691.4(1). The copy of the letter sent to the respondent by first-class mail was not returned to the petitioner, however, the copy of the letter sent to the respondent by certified mail was returned by the USPS with the notation "Refused."
On August 25, 2015, the respondent left a voicemail message for counsel to the petitioner, stating that he had received the Tursi complaint and that he planned to retain counsel. One month later, on September 30, 2015, the respondent advised the petitioner that he had decided not to retain an attorney, and promised to provide written answers to the Beagen, Burke, and Tursi complaints by October 9, 2015. Nevertheless, the respondent failed to provide those answers as promised.
In or about December 2015, the petitioner received a complaint of professional misconduct against the respondent from Steven C. Martin (hereinafter the Martin complaint). By [*3]letter dated December 14, 2015, sent by certified mail to both the respondent's home and office addresses, the petitioner requested that he submit an answer to the Martin complaint within 10 days of his receipt thereof. The copy of the letter sent to the respondent's home was delivered on December 17, 2015, however, the copy of the letter sent to the respondent's office was returned by the USPS with the notation "Refused."
As of the date of the petition, the respondent had failed to submit his answers to the Beagen, Burke, Tursi, and Martin complaints.
Charge two alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Commencing in or about October 2013, the respondent represented Robert Beagen in his divorce from Mary Beagen. In January 2015, Robert Beagen issued a check to the respondent in the amount of $125,000, in furtherance of a divorce settlement. On or about January 8, 2015, the respondent deposited Robert Beagen's check in the amount of $125,000 into the respondent's attorney escrow account No. xxxxxx5751 at Victory State Bank, entitled "Richard J. Barrett, Attorney at Law, IOLA Account" (hereinafter the escrow account). Between January 8, 2015, until at least May 12, 2015, the respondent was required to maintain funds in the sum of $125,000 in his escrow account. By April 30, 2015, the respondent had depleted the balance in his escrow account to $920.97.
Charge three alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about November 2009, the respondent represented Clarice Motisi, as preliminary executor of the Estate of John Eppolito (hereinafter the Eppolito estate), in the sale of premises located at 482 Leverett Avenue, Staten Island, an asset in the Eppolito estate. On or about November 17, 2009, the respondent received a check payable to him as attorney in the amount of $102,372.84, drawn on the account of "Mason & Mason, P.C., IOLA Account Mortgage Disbursement," representing part of the proceeds of sale of the aforesaid premises. The respondent was required to turn those funds over to the Eppolito estate. On or about November 18, 2009, the respondent deposited the $102,372.84 check into his escrow account. Between November 18, 2009, and February 11, 2010, the respondent issued and negotiated 11 checks to himself from the Eppolito estate's funds, totaling $60,500, for his own use and benefit.
On or about November 17, 2009, the respondent also received a Hudson City Savings Bank cashier's check payable to him as attorney in the amount of $40,000, representing part of the proceeds of sale of the aforesaid premises. The respondent was required to turn those funds over to the Eppolito estate. On or about November 18, 2009, the respondent deposited the $40,000 cashier's check into his business checking account No. xxxxxx5764 at Victory State Bank, entitled "Richard J. Barrett, Attorney at Law." Between on or about November 18, 2009, and on or about November 23, 2009, the respondent depleted those funds for his own use and benefit.
Appellate Division Docket No. 2017-04923 
The respondent was arrested on August 4, 2015, based on a felony complaint, under docket number 2015RI005640, Criminal Court, Richmond County, in connection with his misappropriation of the Beagen funds, and charged with three counts of grand larceny (in the second, third, and fourth degrees), four counts of criminal possession of stolen property (in the second, third, fourth, and fifth degrees), petit larceny, and issuing a bad check. Within weeks of his arrest, the respondent paid $125,000 in restitution to Robert Beagen.
Pursuant to a plea agreement, on March 21, 2017, the respondent pleaded guilty before the Honorable Alan J. Meyer, a Judge of the Criminal Court, Richmond County, to petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor, in satisfaction of all charges under docket number 2015RI005640. On that day, the respondent was sentenced, inter alia, to a conditional discharge for a period of one year, with restitution in the amount of $170,000 which was previously paid.
As disclosed in the plea agreement and the plea minutes, the respondent admitted that he received a check for $125,000 from his client Robert Beagen, which he deposited into his escrow account, and that he withdrew those funds from his escrow account without Beagen's permission, and used those funds for his own personal use. Although not alleged in the felony complaint, during his plea, the respondent also admitted that between in or about January 2010 and January 2017, while [*4]acting as the attorney for the Eppolito estate, he took $45,000 that was to be distributed to three beneficiaries of the Eppolito estate, and kept those funds for himself. The respondent testified at the disciplinary hearing that restitution was not paid to the beneficiaries of the Eppolito estate until shortly before he entered his guilty plea.
Findings and Conclusion 
Based on the evidence adduced and the respondent's admissions, we conclude that the Special Referee properly sustained the charges in the verified petition. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate sanction to impose, the respondent acknowledges that he is subject to significant discipline, but seeks "a suspension at the lower end of the range," given his remorse and full acceptance of responsibility, the character evidence presented, his unblemished professional record, and in recognition of his service as a decorated police officer who retired from service on disability for a line-of-duty physical injury after 13 years of service. Additionally, in view of the mitigation presented, and the respondent's adherence to the Court's decision and order on motion interimly suspending him, the respondent's counsel requests that the discipline imposed be made effective nunc pro tunc to the date of the respondent's interim suspension.
Notwithstanding the above-mentioned mitigation, we find that the respondent's intentional misappropriation of substantial funds in two client matters, one of which led to his conviction of a serious crime, together with his failure to cooperate with the petitioner's investigation of multiple complaints of professional misconduct, warrants a severe sanction. In the first matter, while representing his childhood friend, Robert Beagen, in January 2015, the respondent received the sum of $125,000, in furtherance of Beagen's divorce settlement. While entrusted with the Beagen funds, the respondent intentionally misappropriated those funds for his own personal use, leaving a balance in the account of $920.97 by the end of April 2015. As a result of his misappropriation of the Beagen funds, the respondent was arrested on August 4, 2015, based on a felony complaint. The respondent paid restitution to Robert Beagen within weeks of his arrest. In the second matter, beginning in November 2009, the respondent intentionally misappropriated funds from the Eppolito estate. More than seven years passed without the respondent restoring the misappropriated funds or providing the beneficiaries of the Eppolito estate with their inheritance. In fact, the respondent testified that restitution was not paid to the beneficiaries of the Eppolito estate until shortly before he entered his plea of guilty in March 2017.
Accordingly, in view of the intentional nature of the misappropriation, which theft also resulted in the respondent's conviction of the serious crime of petit larceny, the substantial funds involved, the extended period that the beneficiaries of the Eppolito estate were deprived of their inheritance, and the respondent's failure to cooperate with the petitioner in the investigation of four complaints of professional misconduct, we find a disbarment, effective immediately, is warranted.
SCHEINKMAN, P.J., DILLON, BALKIN, LEVENTHAL and AUSTIN, JJ., concur.
ORDERED that on the Court's own motion, the above-entitled disciplinary proceedings under Appellate Division Docket Nos. 2016-05620 and 2017-04923 are consolidated; and it is further,
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that Richard J. Barrett, admitted as Richard John Barrett, a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Richard J. Barrett, admitted as Richard John Barrett, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard J. Barrett, admitted as Richard John Barrett, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) [*5]appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard J. Barrett, admitted as Richard John Barrett, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court